## SHARYN A. FRITZ
*v.*
## DEPARTMENT OF REVENUE

Peter L. Powers, Weatherford, Thompson, Horton, Brickey & Powers, P.C., Albany, represented plaintiff.

G. F. Bartz, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiff rendered March 8, 1978.

CARLISLE B. ROBERTS, Judge.

Plaintiff appealed from defendant's Order No. VL 76-796, dated January 31, 1977. The question presented is the true cash value, on the assessment date January 1, 1976, for the tax year 1976-1977 of .55 acre of land, valued by the county assessor at $8,040, and the improvement thereon (a personal residence), located in Benton County's North Albany area, assessed at a value of $137,560, for a total of $145,600. Upon the taxpayer's appeal to the county board of equalization, the assessed values were affirmed and thereupon the plaintiff appealed to the defendant. Thereafter,

according to defendant's opinion, "Petitioner and the County both made complete, in-depth studies and commendable appraisal estimates of subject property." The county's presentation was deemed the more convincing to the Department of Revenue and the defendant's order adopts the county's revised values: $8,000 allocated to the .55 acre of land, $134,000 allocated to improvements, for a total of $142,000. In her complaint, plaintiff asserts a value of $123,000 for land and improvements as of January 1, 1976.

It is apparent that a substantial amount of study has been made of the subject property by both the county assessor and the plaintiff, and each has been represented by an able appraiser who has supplied the court with an excellent written appraisal report. In the circumstances, it is not surprising that the opposing values differ by only 13 percent, an amount which is not substantially different from that which comes within the area of a reasonable difference of opinion on the part of expert appraisers (ordinarily deemed not to exceed 10 percent).

The building site contains two residential tax lots, with a total area of .96 acre. The improvements upon the parcel are located on the .55-acre tax lot and both expert appraisers have agreed upon a value of $8,000 therefor (the value of the remaining .41 acre not being contested).

The improvement is a tri-level custom-built, single-family residence, with many amenities. Using the market data and cost approaches, defendant found a value therefore of $134,000 as opposed to plaintiff's $115,000.

Both appraisers used the market data and the cost approaches to value. Both recognized that the market data approach called for sales of comparable property and each found it necessary to enter into the Salem area market in order to obtain a reasonable number of recent sales of custom-built houses with a value of

$100,000 or more. As defendant's appraiser stated (Def Ex A, 11):

"* * * Market data in the immediate North Albany area has been very limited for super custom type homes. * * *"

In this situation, relatively minor differences and emphases by the competing appraisers will decide the issues.

■ For example, defendant's description of the location of the subject residence states (Def Ex A, 7) that the neighborhood "is a secluded hillside wooded area with primarily good to custom quality homes relatively homogeneous in nature. * * *" Plaintiff's appraiser proved to the court's satisfaction that not only is the area of the subject property and the immediate North Albany area very limited in the number of "super custom-built homes" but that the neighborhood is definitely lacking in homogeneity, being largely improved by homes of a median quality, so that the subject property is an overimprovement for the neighborhood. The appraisers for both parties recognize that overbuilding is a type of obsolescence which must be considered when determining true cash value of property for assessment purposes.

■ A second significant factor in the evaluation by the court of these two fine appraisals is that the plaintiff's appraiser argues (and the defendant's appraiser overlooks) that there is a real factor of buyer resistance as to homes priced above $100,000. Such houses are almost always custom-built and embody the special desires, foibles, and interests of the owner for whom the building is designed. These elements may be valueless or a nuisance or a real deterrent to a potential buyer who, being able to afford a $100,000-plus residence, often will prefer to build his own rather than accept another person's special tastes and arrangements.

Defendant's appraiser gave particular emphasis to the view from the property as a definite amenity but

plaintiff's evidence showed it to be inconsiderable. Other small differences have been noted.

Defendant's written appraisal report merits good marks, but that of the plaintiff is superior, illustrating a depth and perceptiveness which carries weight. Both appraisers made good impressions with their presentations, but their reports show that the plaintiff's appraiser has somewhat more experience and greater professional recognition, which cannot be overlooked by the court.

The plaintiff has not only carried her burden of proof but has supported her argument with the preponderance of the evidence. The court finds the true cash value of the subject property as of January 1, 1976, to have been $123,000, of which $115,000 is allocated to the improvements and the remainder, $8,000, to the .55-acre lot.

The defendant's Order No. VL 76-796, dated January 31, 1977, is set aside and held for naught and the County Assessor and the Tax Collector of Benton County shall amend the assessment and tax rolls for 1976-1977 with respect to the subject property as necessary to conform with this decision. If taxes have been paid by the plaintiff in excess of those required by the tax roll as amended, the excess, with statutory interest thereon, shall be remitted to the plaintiff by the Board of County Commissioners of Benton County, Oregon, pursuant to ORS 311.806 and 311.812.

Plaintiff is awarded her statutory costs and disbursements.